UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO BORBON,<br><br>            Plaintiff,<br><br>     v.<br><br>D. SMILEY, et al.,<br><br>            Defendants. | No.  2: 19-cv-1464 KJM KJN P<br><br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is defendants' motion for summary judgment on the grounds that plaintiff failed to exhaust administrative remedies.  (ECF No. 36.) For reasons stated herein, the parties are ordered to file further briefing.

Defendants move for summary judgment on the grounds that plaintiff did not pursue grievances MCSP HC-16048527 and SATF HC-1700483 through the final level of review.

On June 26, 2020, plaintiff filed an opposition to defendants' summary judgment motion. (ECF No. 45.)  In part, plaintiff alleges that he did not appeal grievance MCSP HC-16048527 beyond the first level of review because he was satisfied with the relief granted, i.e., the referral to an ophthalmologist.  (Id. at 3.)  In support of this argument, plaintiff cites Harvey v. Jordan, 605 F.3d 681 (9th Cir. 2010).  (Id. at 4.)

1

In <u>Harvey</u> the Ninth Circuit held that the plaintiff "had exhausted the administrative process when the prison officials purported to grant relief that resolved his due process grievance to his satisfaction."  <u>Harvey</u>, 605 F.3d at 686.

In order to assist the undersigned in evaluating plaintiff's claim that MCSP HC-16048527 exhausted his administrative remedies, the parties are directed to file further briefing addressing if and when plaintiff was seen by an ophthalmologist in response to this grievance.  The undersigned cannot determine from the current record when plaintiff was seen by an ophthalmologist regarding his left eye after this grievance was partially granted at the first level of review on July 19, 2016.[1]

Accordingly, IT IS HEREBY ORDERED that within thirty days of the date of this order, both parties shall file the further briefing discussed above.

Dated:  July 16, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Borbon1464.fb

---

[1] In the complaint, plaintiff suggests that he did not see the ophthalmologist before his transfer to SATF on September 13, 2016, i.e., approximately two months after MCSP HC 16048527 was partially granted on July 19, 2016. (ECF No. 1 at 12.)   In grievance SATF HC-17000483, filed December 12, 2017, plaintiff again requested to see an eye specialist.  The records from SATF HC-17000483 state that plaintiff was seen by the ophthalmologist on February 1, 2018.  It is not clear if plaintiff's February 1, 2018 examination was the first time plaintiff saw an ophthalmologist regarding his left eye after July 19, 2016.

2