UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO BORBON, | No. 2:19-cv-1464 KJM KJN P |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| D. SMILEY, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983.  Pending before the court is plaintiff's June 1, 2021 "motion for appointment of counsel for settlement conference." (ECF No. 58.)  For the reasons stated herein, this motion is denied.

On February 25, 2021, a settlement conference was held in this action.  This action did not settle.  This action is now scheduled for an evidentiary hearing before the undersigned on September 13, 2021.  (ECF No. 57.)

To the extent the pending motion seeks a further settlement conference, the undersigned finds that a further settlement conference is not warranted.  However, plaintiff may contact defense counsel regarding a proposed settlement.  If both parties consent, the undersigned will consider scheduling a further settlement conference.

To the extent plaintiff requests appointment of counsel, district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  <u>Mallard v. United States</u>

1

Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

    Having considered the factors under Palmer, the court finds that plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

    Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel for a settlement conference (ECF No. 58) is denied without prejudice.

Dated:  June 10, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

borb1464.31